## AFFIDAVIT OF SPECIAL AGENT BRIAN P. HIGGINS IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian P. Higgins, Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and have been so employed since 2009. I am responsible for investigating violations of the federal firearms laws. I am presently assigned to the South Eastern Massachusetts Gang Task Force and specifically focus on crimes of violence perpetrated by: felons and otherwise prohibited persons who illegally possess and/or purchase firearms, criminal organizations, and gangs and narcotics-trafficking groups in urban areas plagued by crime.

2. I submit this affidavit in support of a criminal complaint charging JUSTIN F. WATSON ("WATSON") for false statements during the purchase of firearms, in violation of 18 U.S.C § 922(a)(6). This Affidavit is based on my own personal observations as well as information provided to me by other federal and local law enforcement officers. This Affidavit is submitted for the limited purpose of establishing probable cause to believe that WATSON committed the above described offense. Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation.

## BACKGROUND OF INVESTIGATION

3. WATSON was an Institutional Security Officer III / Campus Police Dispatcher with Cape Cod Community College Police ("Campus Police") from March 2018 to February 2019. As an employee of the Campus Police, WATSON was issued an identification card that listed him as "CAMPUS POLICE" and "FACULTY/STAFF." As an Institutional Security Officer III/Campus Police Dispatcher, WATSON neither carried a weapon nor did he have the power to make arrests on campus.

4. Since approximately August 2018, WATSON has resided at 300 Nathan Ellis Highway, TRLR #26, Mashpee, MA.

5. On August 2, 2018, WATSON received an email from Plymouth Police Academy's Basic Reserve Intermittent Program which indicated he had been accepted in Class 19-01.[1] According to WATSON, he was only sponsored for the Academy by the Campus Police Chief and there was no promise of employment, nor did he have a job as a police officer waiting for him upon his graduation.

---

[1] Attending this program does not guarantee future employment as a police officer. However, these programs require that a department sponsor a student prior to admittance. Attendance in these types of programs does not confer any police power upon the student.

**FACTS ESTABLISHING PROBABLE CAUSE**

6.  On July 18, 2018, WATSON emailed an employee at Interstate Arms, inquiring about purchasing a Glock pistol. On August 13, 2018, the employee replied and asked him if he had "powers of arrest while off campus." That day, WATSON replied, "No ma'am." The same day, she emailed back that "to own a Glock in the state of Massachusetts, you have to have powers of arrest on and off duty." WATSON replied, "Thank you, I will check with my friends over at Cape Gun Works."[2]

7.  On or about August 26, 2018, a manager at Cape Cod Gun Works, located at 96 Airport Road, Hyannis, MA 02601, called WATSON to inform him that a Glock, Model 22, GEN4, .40 caliber pistol, serial number BARR530 ("BARR530") that WATSON had ordered from Atlantic Tactical was available for pickup. The manager asked if WATSON was a law enforcement officer and WATSON replied that he was a police officer.

8.  On August 26, 2018, WATSON went to Cape Cod Gun Works to pick up BARR530. Before receiving the firearm, WATSON provided his Cape Cod Community College identification card, which listed him as "CAMPUS POLICE" and "FACULTY/STAFF," to the manager. WATSON also completed a Public Safety Purchase Form and identified himself as an Institutional Security Officer (ISO) III on the form.

9.  Prior to November 17, 2018, WATSON called Bourne Bridge Guns and Ammo, Inc., located at 260 Buzzards Bay, MA 02532. During the call, he spoke with the store's operator, who informed him that only law enforcement officers with the power to conduct arrests

---

[2] Under state law, Massachusetts firearms dealers may not sell new Glock firearms to civilians. In addition, one of the forms required to purchase a Glock firearm specifically inquires about arrest powers.

could purchase Glock Model 26 firearms. WATSON said he was a police officer with authority to make arrests.

10. On November 17, 2018, WATSON came to Bourne Bridge Guns and Ammo, Inc. with his girlfriend and spoke with a sales manager. His girlfriend told the sales manager that she was WATSON's boss and WATSON had authority to make arrests. WATSON identified himself as a police officer to the sales manager.

11. WATSON then purchased a Glock, Model 26, GEN4, 9mm pistol, serial number BFGH791 ("BFGH791") for $425.00. WATSON completed ATF Form 4473. On Section A, Question 2 of that form, WATSON wrote that his residential address was 11 Tasmania Drive, Yarmouthport, MA. Question 11.a of that form asks, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" and states, "Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you." WATSON answered "Yes" to Question 11.a.

12. WATSON provided his Cape Cod Community College identification card, which listed him as "CAMPUS POLICE" and "FACULTY/STAFF," to the sales manager. WATSON also completed an AmChar Wholesale, Inc. Certification Letter and indicated he was purchasing BFGH791 for "on or off duty use" and not "for resale." WATSON also completed a Glock LE/Military/Federal Purchase Program Credentials Certification Form, and listed himself as "Campus Police." WATSON also identified himself as an Institutional Security Officer (ISO) III.

13. According to a Firearms Sales Inquiry run through the Commonwealth of Massachusetts Department of Criminal Justice Information Services, WATSON transferred the Glock Model 26, serial number BFGH791 to his girlfriend on December 19, 2018.

14. On January 28, 2019, I interviewed WATSON. During questioning, WATSON acknowledged he used his Cape Cod Community College identification card when he purchased both Glocks (serial numbers BARR530 and BFGH791). He stated he used that ID because he did not think he could purchase the firearms without it. WATSON ultimately acknowledged that it was his feeling that being in the Plymouth Police Academy was not sufficient to allow him to purchase Glock firearms. In a subsequent interview on the same date, he acknowledged that if the firearms sellers had understood he was not a police officer with arrest powers, they would not have sold him the firearms.

15. During the January 28, 2019 interview, WATSON stated the address he provided on Form 4473, for the purchase of the Glock Model 26, serial number BFGH791—11 Tasmania Drive, Yarmouthport, MA—was not his residential address at the time of the purchase.

16. During the January 28, 2019 interview, WATSON also acknowledged that he knew his girlfriend, a civilian, could not purchase a Glock Model 26 herself. He admitted that he purchased the firearm for his girlfriend and never had any intention of keeping it for himself.

17. During the January 28, 2019 interview, WATSON further acknowledged that he would have purchased an additional Glock firearm for a classmate at the Plymouth Police Academy, if WATSON had not been limited to buying two Glock firearms per calendar year.

18. On January 28, 2019, I also interviewed WATSON's girlfriend. She stated that WATSON purchased the Glock Model 26, serial number BFGH791 for her because she could not purchase it herself. She also admitted that she planned the purchase with WATSON in advance and accompanied him to Bourne Bridge Guns and Ammo, Inc., when he purchased the firearm.

## CONCLUSION

19. Based on the information contained in this Affidavit, all of which is true and accurate to the best of my knowledge, information and belief, I have probable cause to believe that, on August 28, 2018 and November 17, 2019, WATSON violated 18 U.S.C. § 922(a)(6).

20. I, Brian P. Higgins, having signed this Affidavit under oath as to all assertions contained herein, state that its contents are true and correct to the best of my knowledge, information and belief.

Sworn under the pains and penalties of perjury,

_____
Brian P. Higgins
Special Agent, ATF

Subscribed and sworn before me on April __17__, 2019

_____
The Honorable Page M. Kelley
United States Magistrate Judge